NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0386n.06

No. 14-3613

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PNC EQUIPMENT FINANCE, LLC, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | May 28, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DONNA G. KELLER, | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| Defendant-Appellant. | ) | OHIO |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, BATCHELDER, and CLAY, Circuit Judges

**SUHRHEINRICH, Circuit Judge.**

Donna G. Keller ("Defendant") appeals the district court's decision denying her motion to vacate the default judgment the court entered in favor of PNC Equipment Finance, LLC ("PNC").

This case arises out of PNC's efforts to enforce a loan guaranty signed by Defendant. Although PNC served Defendant through certified mail and personal service, Defendant did not respond to PNC's complaint, and the district court entered a default judgment against her on August 13, 2013. On November 18, 2013, Defendant moved to vacate that judgment under Federal Rule of Civil Procedure 60, presenting four issues. Defendant first claimed that PNC never served her with process, rendering the default judgment void due to lack of personal jurisdiction. The district court held that the default judgment was not void because

(1) Defendant waived personal jurisdiction under the terms of the guaranty, and (2) PNC personally served Defendant with a copy of the summons and the complaint. Defendant next averred that her delay in responding to the complaint was based on excusable neglect, and that she had viable defenses to the complaint. The district court found that Defendant could not allege excusable neglect because PNC personally served her, and Defendant chose to do nothing until the court entered judgment against her. And without the presence of excusable neglect, there was no reason to examine any viable defenses. Lastly, Defendant maintained that unusual circumstances and principles of equity required relief. The district court found no exceptional or extraordinary circumstances justifying relief. The court thus denied Defendant's motion to vacate the default judgment.

On appeal, Defendant repeats her arguments concerning lack of personal jurisdiction and the existence of excusable neglect. Defendant also claims for the first time that the district court erred by granting relief in an amount that was not supported by PNC's exhibits, and by refusing to conduct an evidentiary hearing on Defendant's motion to vacate its default judgment.

Having reviewed the parties' briefs, the applicable law, and the record, and having heard oral arguments, we conclude that the district court appropriately disposed of the issues regarding personal jurisdiction and excusable neglect. Moreover, we conclude that the district court did not abuse its discretion in determining the amount in judgment and in foregoing an evidentiary hearing. Therefore, for the reasons stated in the district court's order dated May 29, 2014, we AFFIRM.